UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUNA GALEA,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT INC.,

    Defendant.

Case No. 20-cv-10259
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

## ORDER DISMISSING CASE

Plaintiff Shauna Galea defaulted on a loan and the debt was purchased by Midland Credit Management, Inc. Galea received an envelope from Midland marked "time sensitive" and containing a letter outlining different payment options, some of which included a discount on the amount of debt owed. Galea filed this lawsuit alleging that the formatting of the letter and the text on the envelope violate the Fair Debt Collection Practices Act (FDCPA). Galea not only brings this claim on her own behalf, but she also seeks to represent a class of individuals who received a like mailing.

**I.**

Galea obtained credit from GE Capital Retail Bank R Us. (ECF No 1, PageID.2.) Eventually, Galea defaulted on the loan with $539.58 still owed. (*Id.*)

Midland Credit Management, Inc. ("Midland") then purchased the debt. (*Id.*) Midland sent a collection letter to Galea dated September 18, 2019. (*Id.* at PageID.3.) Printed on the mailing envelope was "time sensitive document" in bold, capitalized font. (*Id.*) So Galea immediately opened the letter. (*Id.*)

The letter said Galea owed $539.58 and offered two payment options. (*Id.* at PageID.4–5.) Option 1 offered "40% off" the debt if paid by October 18, 2019. (*Id.* at PageID.5.) Option 1 was printed in larger font in an orange box. (*Id.*) Option 2 indicated "20% off" the debt if paid in six monthly installments of $71.94. (*Id.*) Option 2 was also printed in large font, but in a green box. (*Id.*) The body of the letter concluded with "Let's put this debt behind you. Visit MidlandCredit.com, or call (800) 282-2644, to pay off your account and regain your financial freedom!" (*Id.*) "At least two inches below" the signature on the document appeared the following: "We are not obligated to renew any offers provided." (*Id.*)

Galea does not claim that she took any action or was otherwise harmed as a result of receiving and reading this letter. Instead, Galea alleges that the format of the letter and envelope violate the FDCPA and thus she is entitled to statutory damages. (*See generally* ECF No. 1.) Galea also asserts a class action claim, alleging that at least 40 persons in the Eastern District of Michigan received the same collection letter from Midland. (ECF No. 1, PageID.14–15.) Galea alleges that class members could have actual damages "if they paid their subject debts after receiving a collection letter in a Time Sensitive Document Envelope." (*Id.* at PageID.16)

## II.

One of the essential requirements of subject-matter jurisdiction is standing and the Court is "obligated to address a party's lack of standing even if the parties fail to raise the issue on their own." *Langfan v. Goodyear Tire & Rubber Co.*, 529 F. App'x 460, 462 (6th Cir. 2013) (citing *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 983 (6th Cir.2012)). "If Plaintiffs cannot establish constitutional standing, their claims must be dismissed for lack of subject matter jurisdiction." *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007),

Article III standing requires that a plaintiff show (1) he or she has suffered an injury in fact that is concrete and particularized and actual or imminent, (2) the injury is fairly traceable to the challenged action of the defendant, and (3) it is likely that the injury will be redressed by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

### III.

In this case, Galea has not established an injury-in-fact.

Galea claims that the collection letter and envelope violate the FDCPA in a number of ways. First, she says that the use of the words "time sensitive" on the envelope violates the FDCPA because the words create a false sense of urgency. (ECF No. 1, PageID.7, 12.) Galea claims that the format and design of the letter (with colored boxes and large font) also created a misleading sense of urgency. (*Id.* at PageID.9.) Plaintiff next argues that the letter violated the FDCPA because the renewal disclosure was placed two inches below the payment options such that it constitutes "a false representation of the amount of the Subject Debt" (ECF No.1, PageID.10) and "unfair or unconscionable means to collect or attempt to collect the Subject Debt." (*Id.* at PageID.11.)

Galea, the only named plaintiff, does not allege that she was harmed by the letter and asks only for statutory damages of up to $1,000. (ECF No. 1, PageID.9.) On behalf of the possible class members, Galea speculates that some class members may be entitled to actual damages if they paid their debts as a result of receiving this letter. (ECF No. 1, PageID.9, 14.) But the fact "[t]hat a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1555 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997)).

3

Assuming for the purpose of this analysis that Midland's letter does violate the FDCPA, this is not sufficient to confer Article III standing, which "requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549; *see also Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 867 (6th Cir. 2020) ("A bare procedural violation, divorced from any concrete harm, cannot satisfy Article III's injury-in-fact requirement, even if the plaintiff has a statutory basis for litigating the claim in federal court." (internal citations omitted)). A procedural violation of a statutory right can only confer standing if the procedural right protects a concrete interest. *Buchholz*, 946 F.3d at 868.

Whether a procedural violation is cognizable depends on two factors outlined by the Supreme Court in *Spokeo*. The first factor is congressional judgment because "Congress is well positioned to identify intangible harms that meet minimum Article III requirements." *Spokeo*, 136 S. Ct at 1543. "So [courts] look to 'whether Congress conferred the procedural right in order to protect an individual's concrete interests.'" *Buchholz*, 946 F.3d at 868 (quoting *Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 754 (6th Cir. 2018)). The second factor is common law and whether the intangible harm is analogous to a harm recognized at common law. *Id.*

It is well established that Congress passed the FDCPA to prevent debt collectors from engaging in abusive or unfair debt-collection practices. *See id.* But in the context of this complaint, Galea does not identify—and the Court cannot conceive of—any harm that comes from the allegedly wrongful formatting of the envelope and letter. Galea does not allege that she did not owe the subject debt. Nor does she allege that she took any action as a result of the letter. Her only "injury" appears to have been being enticed into opening an envelope earlier than she otherwise would have and having her eye drawn to orange and green boxes. *Compare Johnston v. Midland Credit Mgmt.*, 229 F. Supp. 3d 625, 630 (W.D. Mich. 2017) (no standing where plaintiff received

collection letter with clearly incorrect information on payment options, but debt was actually owed), *with Martin v. Trott Law, P.C.*, 265 F. Supp. 3d 731, 747 (E.D. Mich. 2017) (standing where plaintiffs contended that collection letters deceived and misled them about status of debt and legal proceedings against them).

There are also no alleged facts that support the second factor—similarity to a common law harm—because there is no actual injury alleged.

Galea has not shown that she has suffered a harm that Congress intended the FDCPA to prevent or that common law recognizes. So Galea has not established that Midland's alleged procedural violations of the FDCPA create an injury-in-fact as required to confer Article III standing. Without standing to bring these claims, the Court must dismiss Galea's complaint for want of subject-matter jurisdiction.

## IV.

The case is DISMISSED WITHOUT PREJUDICE for want of subject-matter jurisdiction.

SO ORDERED.

Dated: February 25, 2020

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE